*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH LEE DEGEER,

        Plaintiff-Appellee,

v

STACEY MARIE DEGEER,

        Defendant-Appellant.

UNPUBLISHED
August 25, 2022

No. 359808
Clare Circuit Court
Family Division
LC No. 21-900055-DM

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and GARRETT, JJ.

PER CURIAM.

Defendant appeals as of right from the trial court's judgment of divorce. We affirm.

## I. BACKGROUND

Defendant was married to plaintiff for approximately 14 years, and the parties had three children together, DD, MD, and JD. Defendant has suffered from epileptic seizures since she was a child, and most of the testimony in this case pertained to her disability. Defendant's less severe seizures would last approximately 30 seconds, during which she would scream uncontrollably. She sometimes experienced more severe seizures, during which she would run away, lose consciousness, and experience short-term memory loss. Early in the marriage, she would experience several seizures a day and needed constant care. However, several years before trial, she underwent brain surgery. She did not have any seizures for the first 18 months after surgery, during which time she obtained a driver's license. However, the seizures subsequently began to reemerge. While she had been seizure-free for the few months immediately prior to the trial, she was not able to drive. Defendant could tell when a major seizure episode was impending, and she always had another adult present with her and the children at those times. Defendant testified that she had never experienced a major episode while she was alone with the children.

Plaintiff sought primary physical custody of the children because he believed defendant's seizure disorder impacted her ability to parent. Stressful situations could trigger seizure episodes, and plaintiff wanted defendant's parenting time to revolve around weekends because he did not believe defendant could handle the stress of school days. Defendant's primary source of income had been Social Security disability benefits since 2015 because plaintiff did not want defendant to

experience the stress of going to work. Defendant also made money by breeding dogs and selling her artwork, and her total income was approximately $10,000 a year. Plaintiff worked for a construction company owned by his stepbrother where he earned approximately $24,000 a year. Defendant sought a week-on, week-off parenting schedule.

The court granted plaintiff primary physical custody of the children, ordered defendant to pay child support, and denied defendant's request for spousal support. This appeal followed.

## II. DISCUSSION

Defendant argues that the trial court erred by making all decisions in this case with "an intentional or unintentional 'attitudinal bias' against defendant" because of her epilepsy. We disagree.

A review of the entire trial transcript and oral opinion of the trial court makes clear that the trial judge believed both parents still had love for each other and would encourage the parent-child relationship with the other parent, which she made clear during her ruling on factor (j), which states in relevant part:

> (j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. MCL 722.23(j).

It is clear that the court had no "attitudinal bias" as evidence by her ruling on factor (j). Defendant's arguments regarding custody, child support and spousal support all rely on the assertion that the trial judge was biased because defendant is epileptic. This is simply not supported by the record. The trial judge complied with the law provided to make decisions regarding custody, child support and spousal support.

The only factor under MCL 722.23 that is at all relevant to defendant's argument is factor (g) regarding mental and physical health of the parties involved. The court stated:

> The mother has epileptic seizures. She has had them for the majority of her life. Those epileptic seizures have kind of intensified; it appears over the years through the testimony that was received by the Court. And those seizures that she has, her health does affect her relationships with her children because of those seizures. She becomes unaware of her surroundings and she's unaware of her reactions, which includes screaming and running and reacting by placing herself in danger. She's not even aware of this. It's a very difficult. [sic] It's a difficult situation, but it certainly has impacted her relationships with her children based upon each of the party's testimony to the Court during the trial. And so, the father doesn't have those same type of physical health issues effecting his parenting with the children that is certainly through no fault of the mothers, [sic] it just is. It just is a factor in this case.

The trial court acknowledged the difficulty involved, however it showed no bias.

To the extent defendant argues that the trial court's alleged "attitudinal bias" against defendant because of her disability provided an independent basis for relief, this argument is without merit. "A trial judge is presumed to be impartial, and the party asserting partiality has the heavy burden of overcoming that presumption." *Coble v Green*, 271 Mich App 382, 390; 722 NW2d 898 (2006). In this case, "[t]here is absolutely no indication in the record that the trial court was biased in favor of [plaintiff] or prejudiced against [defendant], nor was there a serious risk of actual bias or an appearance of impropriety." *Denhof v Shalla*, 311 Mich App 499, 522; 876 NW2d 266 (2015).

Affirmed.

/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Kristina Robinson Garrett